**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.L., | Civil Action No. 23-cv-21413 (SRC) |
| Plaintiff, | OPINION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court on the appeal by Plaintiff M.L. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381, et seq. This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having considered the parties' submissions, (D.E. No. 7 ("Pl.'s Mov. Br."); D.E. No. 9 ("Def.'s Opp. Br."); D.E. No. 10 ("Pl.'s Reply Br.")), the Court decides this matter without oral argument and, for the reasons set forth below, the Court vacates and remands the decision of the Commissioner.

I.  BACKGROUND

On February 11, 2021, Plaintiff filed an application for DIB and SSI. (D.E. No. 4-4, Administrative Record ("Tr.") at 267.) Plaintiff alleged disability starting January 1, 2017. These claims were initially denied on July 1, 2021, and upon reconsideration on October 13, 2021. (Id.) A hearing was held before Administrative Law Judge ("ALJ") Asad Ba-Yunus on June 27, 2022, and on September 15, 2022, the ALJ issued a decision determining that Plaintiff was disabled starting on August 30, 2022, but not prior to that date. Plaintiff sought review of the portion of the ALJ's decision determining that she was not disabled prior to August 30, 2022, from the Appeals Council. After the Appeals Council denied Plaintiff's request on September 8, 2023, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the September 15, 2022 decision, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a range of sedentary work with certain limitations. The ALJ also found that Plaintiff was unable to perform her past relevant work. At step five, the ALJ found that prior to August 30, 2022, there were other unskilled sedentary jobs that existed in significant numbers in the national economy which Plaintiff could have performed, and thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Act before this date. However, the ALJ noted that on August 30, 2022, Plaintiff's age category had changed to that of an individual closely approaching advanced age under the Regulations. (Tr. at 282.) The ALJ concluded that the change in Plaintiff's age category on this date rendered her disabled as there are no jobs that exist in significant numbers in the national economy which Plaintiff could perform after August 30, 2022. On appeal, Plaintiff challenges the portion of the ALJ's decision determining that she

was not disabled prior to August 30, 2022, and alleges that substantial evidence does not exist to support the ALJ's determination as to Plaintiff's RFC.

## II. LEGAL STANDARD

This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence" but may be less than a preponderance. McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The Supreme Court reaffirmed this in Biestek v. Berryhill, 587 U.S. 97, 103 (2019). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

## III. DISCUSSION

On appeal, Plaintiff argues the Court should vacate and remand the Commissioner's decision because substantial evidence does not exist to support the ALJ's determination as to Plaintiff's RFC. Plaintiff alleges the ALJ failed to properly evaluate: (i) the medical opinions provided to determine Plaintiff's RFC; and (ii) Plaintiff's subjective complaints.

At step four, the ALJ determined that Plaintiff retained the RFC for sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with certain limitations. (Tr. at 273.) The ALJ further explained "sedentary work" under the Regulations and the parameters of the RFC determination:

3

> Taking all the evidence into account I conclude that the claimant's combination of impairments would restrict her to lifting or carrying a maximum of 10 pounds occasionally and less than 10 pounds frequently. Because of her rheumatology, orthopedic, and particular respiratory impairments, the claimant would [be] capable of standing or walking for up to 2 hours total in an 8 hour workday with normal breaks. I find that the claimant would be capable of maintaining a seated position for up to 6 hours total in an 8 hour workday with normal breaks. I find that because of her combination impairments the claimant would be restricted to only occasional stooping, kneeling, crouching, crawling, or climbing of ladders, ropes, or scaffolds. Because of her neck and rheumatology impairments I find that the claimant would be restricted to frequently handle, finger, or feel bilaterally. Because of her respiratory impairments I find that the claimant must avoid moderate exposure to atmospheric respiratory irritants such as fumes, odors, dusts, gases, poor ventilation, etc., and must avoid concentrated exposure to extremes of cold/heat, wetness/humidity.

(Id. at 280.)

In arriving at this determination, the ALJ stated he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence[.]" (Id. at 273.) Among other concerns, Plaintiff claimed she experienced problems with lifting, walking, sitting, and bending, and also noted problems with mental functioning, including her ability to concentrate and follow instructions. (Id.) Plaintiff noted that she previously worked for a limousine service for approximately one month, but had stopped working due to breathing problems related to her asthma. (Id.) The ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms" inconsistent with the medical evidence of record "because the description of the more extreme limitations of her mental respiratory and physical function" were inconsistent with the symptoms documented "in the treatment records, the examination findings, and the most consistent well supported aspects of the medical source opinion evidence." (Id. at 275.)

The ALJ also looked to medical opinions and prior administrative findings. The ALJ found the opinion of consultative examiner, Dr. Gary Oxenberg, to be partially persuasive. In an August 10, 2022 evaluation, Dr. Oxenberg opined that "the claimant could lift or carry up to 10 pounds occasionally, could walk for up to 3 hours in an 8-hour workday, and could stand for up to an hour" during an 8-hour day with no assistive device necessary to ambulate. (Ex. 37F to D.E. No. 4-13; Tr. at 276.) The ALJ found Dr. Oxenberg's opinion regarding Plaintiff's limitations on standing and walking persuasive as his examination findings were "fundamentally consistent with the medical evidence on those points." (Tr. at 276.)

However, the ALJ found a portion of Dr. Oxenberg's opinion unpersuasive. Dr. Oxenberg concluded that Plaintiff would be restricted to sitting for no more than 4 hours in an 8-hour workday. (Id.; Ex. 37F to D.E. No. 4-13.) The ALJ rejected Dr. Oxenberg's opinion on this point, noting his opinion was not "consistent with the examination findings or what is documented in the treatment or examination records regarding the claimant's usual complaints to treating sources," and was further "inconsistent with other substantial evidence of record." (Tr. at 276.) The ALJ also rejected the opinions of three other medical experts arriving at similar conclusions regarding Plaintiff's capacity to sit at work. In an assessment conducted on December 1, 2020, Plaintiff's treating allergy and asthma specialist, Dr. Tina Zecca, opined that Plaintiff could perform a job in a seated position for a maximum of 4 hours in an 8-hour workday. (Ex. 23F to D.E. No. 4-11; Tr. at 277.) The ALJ found this opinion unpersuasive as Dr. Zecca marked a box indicating Plaintiff could sit for a maximum of 4 hours total per 8-hour workday, but failed to provide an "explanation as to why the claimant's capacity to maintain a seated position would be in any way compromised by her respiratory or other known impairments[.]" (Tr. at 277.) The ALJ also found Dr. Zecca's opinion "not persuasive with respect to those areas addressed outside" her field of pulmonology

and concluded that "there simply is not objective evidence in the record or consistent subjective allegations or findings supporting significant restrictions in the claimant's ability to sustain a seated position[.]" (Id. at 278.)

The ALJ also found the opinion of Plaintiff's treating rheumatologist, Dr. Zain Abideen, unpersuasive on the issue of Plaintiff's capacity for maintaining a seated position. In a July 20, 2022 report, Dr. Abideen concluded that Plaintiff could sit for no more than 1 hour in an 8-hour workday. (Ex. 36F to D.E. No. 4-13.) The ALJ noted he had not "disregarded this opinion" but did not find it "persuasive to the extent that it is inconsistent with other substantial evidence of record[.]" (Tr. at 278.) The ALJ further noted that Dr. Abideen had failed to provide an explanation for his conclusion, which also conflicted with the opinion of Plaintiff's neurology nurse practitioner, Christina Camp, who opined that Plaintiff could sit for up to 4 hours total in an 8-hour workday. (Ex. 34F to D.E. No. 4-13; Tr. at 278.) The ALJ found Nurse Camp's opinion unpersuasive as well and stated that "limitations on sitting are not consistent with any evidence of impairments significantly impacting the claimant's capacity to maintain a seated position[.]" (Tr. at 279.) In this appeal, Plaintiff argues "the ALJ's rejection of consistent opinions from the treating and examining physicians regarding [Plaintiff's] physical impairments is fatally flawed." (Pl.'s Mov. Br. at 23.)

The Court finds that the ALJ's determination regarding Plaintiff's ability to sit for 6 hours in an 8-hour workday is not supported by substantial evidence. "When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (cleaned up). Evidence is not substantial if it "really constitutes not evidence but mere conclusion," or "ignores, or fails to

resolve, a conflict created by countervailing evidence." Wallace v. Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).

Here, the ALJ rejected the opinions of medical experts opining that Plaintiff could sit for a maximum of 4 hours in an 8-hour workday, without pointing to specific medical evidence to support his determination that Plaintiff could sit for 6 hours in an 8-hour workday. In finding Dr. Oxenberg's opinion that Plaintiff could sit for only 4 hours in an 8-hour workday unpersuasive, the ALJ concluded that Dr. Oxenberg's opinion was "inconsistent with other substantial evidence of record including the opinions of the review sources[.]" (Tr. at 276.) In rejecting the same conclusion by Dr. Zecca, the ALJ stated "there simply is not objective evidence in the record or consistent subjective allegations or findings supporting significant restrictions in the claimant's ability to sustain a seated position[.]" (Id. at 278.) Similarly, the ALJ rejected Dr. Abideen's and Nurse Camp's opinions and noted that "limitations on sitting are not consistent with any evidence of impairments significantly impacting the claimant's capacity to maintain a seated position[.]" (Id. at 279.) In short, the ALJ rejected the opinions of three medical experts asserting that Plaintiff could sit for a maximum of 4 hours in an 8-hour workday, and the opinion of one medical expert asserting that Plaintiff could sit for only 1 hour in an 8-hour workday, based upon a lack of evidence in the record to support their conclusions.

However, despite finding that the opinions of four medical experts are not supported by the evidence of record, the ALJ failed to identify what specific medical evidence of record contradicts their conclusions and which he relied upon instead in determining that Plaintiff could sit for 6 hours in an 8-hour workday. "[T]here is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence[.]" Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong

7

reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." Id. at 706-07 (internal citation omitted).  Here, however, the ALJ points to no assessment, opinion, or finding by any medical expert which instead suggests that Plaintiff retained the RFC to sit for more than four hours per day.  Upon review, the Court notes that the medical examiners utilized by the Disability Determination Services ("DDS") also opined that Plaintiff could sit for no more than 4 hours in an 8-hour workday.  (Ex. 1A, 4A, 5A, 8A to D.E. No. 4-5.)  In brief, the ALJ pointed out no medical evidence that supports a finding of Plaintiff's ability to sit for 6 hours.[1]  As such, the Court cannot find the ALJ's determination on this point to be supported by substantial evidence.

Another concern arises with the ALJ's explanation.  An ALJ may not "employ [his] own expertise against that of a physician who presents competent medical evidence." Plummer, 186 F.3d at 429; Masher v. Astrue, 354 F. App'x 623, 627 (3d Cir. 2009); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) ("By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician").  "[A]n ALJ may not make 'speculative inferences from medical reports'" and may only reject a medical expert's opinion "'on the basis of contradictory medical evidence' and not due to [his] own credibility judgments, speculation or lay opinion." Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440,

---

[1] The Commissioner's brief is not persuasive on this point.  Although the Commissioner argues that the ALJ properly assessed the opinions of the medical experts on this issue and rejected them as inconsistent with the evidence of record, the Commissioner fails to note what substantial evidence supports the RFC determination. (Def.'s Opp. Br. at 10-15.)  Indeed, the Commissioner simply repeats the ALJ's statements rejecting the opinions of medical experts but fails to note what medical evidence of record the ALJ relied upon in determining that Plaintiff retained the RFC to sit for more than four hours per day.

465 (D.N.J. 2016) (quoting Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000)) (internal citation omitted).

The Third Circuit has stated:

> In other words, shorn of its rhetoric, the ALJ's conclusion that appellant is capable of engaging in sedentary activity is merely a function of the ***ALJ's own medical judgment***. As such, his conclusion may not be permitted to stand, for we have pointed out time and again that these kinds of judgments are not within the ambit of the ALJ's expertise.

Kent v. Schweiker, 710 F.2d 110, 115 (3d Cir. 1983) (emphasis added).

Here, in concluding that Dr. Oxenberg's opinion that Plaintiff could sit for only 4 hours per day was not "consistent with the examination findings or what is documented in the treatment or examination records regarding the claimant's usual complaints to treating sources," the ALJ appears to have impermissibly substituted his own medical judgment and lay opinion for that of a medical expert. (Tr. at 276.) The ALJ made a medical judgment that Dr. Oxenberg's opinion was not consistent with the medical evidence based on his own interpretation of the examination findings and evidence of record, contrary to Third Circuit law. However, an ALJ is not a medical expert and he cannot reject the conclusion of one, finding that Plaintiff could sit for only four hours per day, without pointing to medical evidence of record finding that Plaintiff could sit for more than four hours per day. As such, the Court is unable to conclude that this portion of the RFC determination is supported by substantial evidence.

In short, this Court finds that the ALJ's determination that Plaintiff retained the RFC to sit for 6 hours in an 8-hour workday is not supported by substantial evidence and cannot affirm it. The ALJ failed to point to specific medical evidence relied upon in arriving at this portion of the RFC determination and appears to have rejected the findings of medical experts based on his own lay opinion and interpretation of the medical evidence of record, contrary to Third Circuit law.

The ALJ fails to provide an adequate explanation for rejecting relevant evidence on this point, and given four medical experts' contrary conclusions, Plaintiff has also demonstrated that she may have been prejudiced by this error. As this matter will be remanded, the Court need not address Plaintiff's arguments regarding additional purported errors.

### IV.  CONCLUSION

For the reasons set forth above, this Court finds that the ALJ's decision is not supported by substantial evidence and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion. An appropriate Order will follow.

s/Stanley R. Chesler<br>
STANLEY R. CHESLER, U.S.D.J.

Dated: May 20, 2025